37 F.3d 1509
 5 NDLR P 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Archie MENDENHALL, Plaintiff-Appellant, Cross-Appellee,
v.
KOCH SERVICE, INC., Defendant-Appellee, Cross-Appellant.
 Nos. 93-5072, 93-5073.
 United States Court of Appeals, Tenth Circuit.
 Oct. 12, 1994.
 
 Before BRORBY, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This is an employment discrimination case that arises under an Oklahoma statute, 25 O.S. 1302 & 1901, that bars discrimination on the basis of a handicap. Plaintiff-Appellant Archie Mendenhall ("Mendenhall") drove a truck for Defendant-Appellee Koch Service, Inc., transporting oil from tanks in the field to central points where it could be put into pipelines. In order to drive, Mendenhall was required to have a Department of Transportation ("DOT") certification. In October 1990, Mendenhall was diagnosed as an insulin-dependent diabetic, which disqualified him from his DOT certification. Because of his diabetic condition, Mendenhall went on medical leave on October 1, 1990.
 
 
 2
 Knowing that he could no longer drive trucks, Mendenhall asked Koch Service personnel about obtaining another job within Koch Service or its affiliated companies. Mendenhall presented evidence that he would have been qualified for many other jobs in Koch Service or its affiliates, because his only limitation from the diabetes was that he lost the DOT certification and was thus unable to drive trucks. Koch Service claims to have looked for other jobs that Mendenhall could have performed within the organization, but found none that was open or suitable. It thus terminated Mendenhall on March 21, 1991 and put him on long-term disability.
 
 
 3
 Mendenhall filed a complaint with the Oklahoma Human Rights Commission, claiming that Koch Service wrongfully terminated him in violation of Oklahoma state law, which bars employment discrimination on the basis of an employee's handicap, unless the employment decision is related to a bona fide occupational qualification reasonably necessary to the normal operations of the employer's business. Okla. Stat. tit. 25, 1302, 1901. The Commission issued a finding of probable cause, and Mendenhall brought an action in the Oklahoma state courts. Koch Service removed the action to the Northern District of Oklahoma, basing jurisdiction on diversity of citizenship. Koch Service then moved for summary judgment, alleging that it discharged Mendenhall for failing to meet bona fide occupational qualifications associated with his job as a truck driver, and that it had looked for other suitable work for Mendenhall but had found none. The parties stipulated that Mendenhall would be unable to perform the job for which he had been employed, that the DOT requirements made it impossible for Koch Service to offer a reasonable accommodation for that position, and that Mendenhall satisfied the definition of a handicapped person under the Oklahoma law.
 
 
 4
 Koch Service filed a motion for summary judgment, claiming that it had no duty under Oklahoma law to find a new position for Mendenhall and that it had no policy of finding positions within the company for employees who become unable to perform the job for which they had been hired. In response, Mendenhall claimed that Koch Service did have a duty to accommodate him by finding him another position, and that the failure to transfer him into another position for which he was qualified constituted discrimination.
 
 
 5
 The district court awarded summary judgment in favor of Koch Service, finding as a matter of law that Koch Service had no duty to find Mendenhall another job under the Oklahoma handicap discrimination laws. The district court noted that Oklahoma's Anti-Discrimination Act's provisions for handicapped persons were intended to follow the federal Rehabilitation Act of 1973. Thus, it found persuasive the case law under the federal act that holds that employers generally have no duty to accommodate by finding a handicapped person a position other than that for which the person was hired unless the employer has an existing policy providing transfer rights. See, e.g., Guillot v. Garrett, 970 F.2d 1320, 1326-27 (4th Cir.1992); Griffin v. Defense Mapping Agency, 864 F.2d 1579, 1580-81 (Fed. Cir.1989). Although the district court found that a duty could arise if an employer had a policy of transferring handicapped employees to other positions for which they may be qualified, it found that Koch Service had no such policy. The district court did not address Mendenhall's broader argument that he had specifically applied for available jobs within the Koch companies for which he was qualified and that he was not hired for such positions because he was handicapped. Finally, the district court ordered Mendenhall to pay costs to Koch Service, but ordered each side to bear its own attorneys' fees.
 
 
 6
 Mendenhall appeals from the district court's entry of judgment against him. Koch Service cross-appeals, claiming that the district court's decision not to award attorneys' fees was erroneous.
 
 DISCUSSION
 I. Evidence of Discrimination
 
 7
 We review the grant of summary judgment de novo, using the same standard as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate when there is no genuine dispute over a material fact, viewing all evidence and inferences in favor of the party opposing the motion. Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 
 8
 Mendenhall does not challenge the district court's ruling that Koch Service had no duty under Oklahoma law to create or find him a new position once he was incapable of performing the job for which he was hired. Additionally, he does not challenge its finding that he had not presented any evidence to show that Koch Service had a general policy of transferring handicapped employees once they could not perform their regular jobs.
 
 
 9
 Instead, Mendenhall argues that the district court failed to consider his argument that his request for a transfer to other available positions for which he was qualified at Koch Service or its affiliates was denied because of his diabetes.[2] More precisely, this is not a claim that Koch Service violated its own transfer policy, because Mendenhall failed to prove a transfer policy existed. This claim is more properly viewed as a failure to hire claim. Mendenhall claims that he applied for other available jobs within the company for which he was not hired because of his handicap. As a consequence of his inability to be hired in a new job and his inability to continue his old job, he was wrongfully terminated. Okla. Stat. tit. 25, 1302 provides:
 
 
 10
 A. It is a discriminatory practice for an employer:
 
 
 11
 1. To fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race, color, religion, sex, national origin, age, or handicap unless such action is related to a bona fide occupational qualification....
 
 
 12
 Thus, the statute forbids a failure to hire, rehire, or transfer an employee on the basis of that employee's handicap. Even though an employer has no separate statutory duty to transfer or create a new job for a disabled employee who can no longer perform the task for which he or she was hired, it nonetheless has the duty to make decisions regarding employment or transfer requests in a nondiscriminatory fashion under the statute's prohibition of "refus[ing] to hire, to discharge, or otherwise [ ] discriminat[ing] against an individual ... with respect ... to the terms, conditions, privileges or responsibilities of employment, because of ... handicap. "
 
 
 13
 We conclude that Mendenhall has created a genuine issue of material fact regarding whether Okla. Stat. tit. 25, 1302 was violated when he was not hired in a new position. Koch Service stipulated that Mendenhall meets the statutory definition of "handicapped person" in Oklahoma. Mendenhall has also presented some evidence that he applied for an open position within Koch Service for which he was qualified.[3] He presents evidence of one open position for a dispatcher at Koch Service, which was filled by James Irvine on March 1, 1991.[4] Aplt.App. at 31, 58B, 62. Mendenhall also presents deposition testimony from a coworker who opined that Mendenhall was qualified for the dispatching job. Id. at 39. Mendenhall's Superintendent acknowledges five or six discussions with Mendenhall about obtaining another job within Koch Service. Id. at 59. The Superintendent told Mendenhall that he would check for other positions for him. Id. at 60. Indeed, Mendenhall testified in his deposition that he specifically discussed with the Superintendent a job in "Central Dispatch." Id. at 79.[5] Admittedly, Mendenhall made no formal application for an advertised position, but the record suggests that Koch Service's hiring process was informal. Mendenhall presents evidence that he requested a transfer into a new position and that Koch's employees made some effort or promise to look for him.
 
 
 14
 Admittedly, Mendenhall presented no direct evidence of discriminatory intent or motive. However, we must keep in mind that his claim was dismissed at the summary judgment stage, and issues of motive and intent are ill-suited for resolution on summary judgment. Romero v. Union Pac. R.R., 615 F.2d 1303, 1309 (10th Cir.1980), Honore v. Douglas, 833 F.2d 565, 569 (5th Cir.1987).
 
 
 15
 On this record, we conclude there was enough evidence to enable Mendenhall to avoid summary judgment. Accordingly, we remand this issue to the district court for further proceedings.
 
 
 16
 II. Koch Service's Cross-Appeal for Attorneys' Fees
 
 
 17
 Koch Service cross-appeals on the ground that the district court erroneously failed to award attorneys' fees for prevailing on the summary judgment motion. The Oklahoma discrimination statute provides that the "court shall allow a prevailing party a reasonable attorneys [sic] fee." Okla. Stat. tit. 25, 1901(D). We agree with Koch Service that the statutory language appears mandatory rather than permissive. However, given our disposition of the prior issue, Koch Service can no longer be considered the prevailing party, and is thus not entitled to attorneys' fees at this point. The issue is thus not ripe for consideration.
 
 
 18
 Accordingly, we REVERSE the district court's dismissal of the case on summary judgment and REMAND for further proceedings consistent with our opinion. Since we conclude that the attorneys' fee issue is not ripe, we VACATE the district court's denial of attorneys' fees and REMAND for further proceedings.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although the issue of Koch Service's duty to accommodate was the most hotly contested issue in the case before the district court, Mendenhall did raise the claim of a discriminatory failure to hire for a new position. Aplt.App. at 27-28, 138. Although the district court did not address this issue, we do because we review the grant of summary judgment de novo. We thus will consider whether Mendenhall has shown that there is a genuine issue of fact on this question that would preclude summary judgment. Fed.R.Civ.P. 56(c). If so, we must remand to the district court for further proceedings
 
 
 [3]
 Most of Mendenhall's evidence was that there were positions open in affiliates of Koch Service. However, none of these affiliates or the parent corporation, Koch Industries, was named as a defendant in this suit. It is unclear on this record whether Koch Industries should have any legal responsibility for its subsidiaries' failure to hire Mendenhall
 
 
 [4]
 Koch Service alleges in its brief that the dispatcher position was only "created" because Koch Service bought another trucking operation, CMS, and brought the CMS employees into Koch Service. It thus argues that although the CMS employees started working for Koch Service on March 1, 1991, it did not really have any open positions. It further alleges that all the nonsecretarial jobs, presumably including the dispatcher, required DOT truck driving certification. However, Koch Service does not point to any evidence in the record for these assertions and thus we cannot give them weight at this stage of the proceedings. Koch Service is certainly free to pursue these arguments on remand
 
 
 [5]
 It is unclear from the record whether the dispatching position filled on March 1, 1991 is the same as a "Central Dispatch" position